UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MALIK NIMMONS,

                              Plaintiff,

                 -against-

Police Officer PETER MARTER, Shield No.
18790; and JOHN and JANE DOE 1 through 10,

                              Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

17 CV 5586

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Malik Nimmons is a resident of New York County in the City and State of New York.

7.      Defendant Police Officer Peter Marter, Shield No. 18790 ("Marter"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Marter is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.    At approximately 10:30 p.m. on April 18, 2016, Mr. Nimmons was a passenger inside of a green taxi traveling from Brooklyn to his home in Manhattan.

12.    Along the way, Mr. Nimmons, who was sober, had dozed off in the back seat of the cab.

13.    Without any discussion between plaintiff and the driver, the taxi stopped in the area of 414 West 42nd Street, far from plaintiff's home on 125th Street.

14.    A police officer appeared and shined a light in Mr. Nimmons' face.

15.    Mr. Nimmons was ordered out of the vehicle and told he would be arrested if he did not pay the fare.

16.    Although Mr. Nimmons had done nothing wrong, had not yet reached his destination, and had given no indication that he was unwilling to pay the fare, he immediately complied and paid the fare.

17.    Believing the officers had acted improperly toward him, plaintiff, from a reasonable distance and in a reasonable manner, took out his phone in an attempt to document their badge numbers.

18.    Without warning or cause and in the complete absence of even reasonable suspicion of any crime one of the defendant officers took hold of Mr. Nimmons' wrists and placed him in handcuffs.

19.    The defendants arrested Mr. Nimmons solely in retaliation for his attempted filming of them, conduct that is protected under the First Amendment.

20.    Plaintiff was taken to the 10th precinct.

21.    At the precinct, defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit several crimes including attempted assault, and forwarded false paperwork to that effect.

22.    At no point did the officers ever observe Mr. Nimmons commit any crime or offense.

23.    After several hours at the precinct, plaintiff was taken to the "Tombs" where he was held for many more hours.

24.    Mr. Nimmons was arraigned in New York County Criminal Court and ultimately released on his own recognizance after approximately twenty hours in custody.

25.    Plaintiff was compelled to appear in criminal court on approximately eight occasions before the charges against him were dismissed on December 19, 2016.

26.    Mr. Nimmons suffered damage as a result of defendants' actions.  He was deprived of his liberty, subjected to an unlawful search, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, adverse employment action, humiliation and damage to his reputation.

-4-

## FIRST CLAIM
### False Arrest

27.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Malicious Prosecution

30.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

32.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that

there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

33.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Denial of Constitutional Right to Fair Trial

34.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.    The individual defendants created false evidence against plaintiff.

36.    The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

37.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     Plaintiff had an interest protected by the First Amendment in filming the interaction between his friend and the police.

42.     The defendants' actions were motivated or substantially caused by plaintiff's exercise of that right.

43.     The defendants' actions effectively chilled the exercise of plaintiff's First Amendment right.

44.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure to Intervene

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      July 21, 2017
            New York, New York

                         HARVIS & FETT LLP

                         _____
                         Baree N. Fett
                         305 Broadway, 14th Floor
                         New York, New York 10007
                         (212) 323-6880
                         bfett@civilrights.nyc

                         *Attorneys for plaintiff*