

**T**HE **C**ITY OF **N**EW **Y**ORK

**L**AW **D**EPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**CHERIE N. BROWN**
*Assistant Corporation Counsel*
Phone: (212) 356-5054
Fax:  (212) 356-3509
chebrown@law.nyc.gov

November 13, 2017

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Malik Nimmons v. Police Officer Peter Marter et al.,
               17 CV 5586 (AJN)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and I am assigned to represent defendant Police Officer Peter Marter in the above-referenced matter. I write in opposition to plaintiff's November 6, 2017 letter requesting that this matter be removed from Local Civil Rule 83.10 (formerly the Section 1983 Plan) or requesting in the alternative that plaintiff's deadline to seek exemption from Local Civil Rule 83.10 be extended until one week after defendant has responded to plaintiff's settlement demand.

      By way of background, on July 21, 2017, plaintiff filed the above-referenced action in the Southern District of New York, alleging, *inter alia*, that on April 18, 2016, he was falsely arrested by Defendant Police Officer Peter Marter and other members of the New York City Police Department ("NYPD"). On July 24, 2017, this case was designated for participation in Local Civil Rule 83.10. *See* Docket Entry No. 4. Police Officer Marter was served on or about July 28, 2017, and filed an answer to the Complaint on October 16, 2017, in accordance with the deadlines set forth in Local Civil Rule 83.10. *See* Docket Entry No. 9.

      On or about November 1, 2017, counsel for plaintiff contacted the undersigned indicating that plaintiff would be seeking exemption from Local Civil Rule 83.10 because this case involved "a defendant officer [] who appears to have engaged in similar misconduct on

prior occasions." In response, and without further details from plaintiff, the undersigned indicated that Defendant would not consent to such a request because it was too early to determine that mediation would not be fruitful, as this is the type of case to which Local Civil Rule 83.10 was intended to apply, and no other circumstances warranted removal from Local Civil Rule 83.10. Plaintiff's counsel was also advised that Defendant was in receipt of plaintiff's initial settlement demand and was still in the process of evaluating the case. On or about November 6, 2017, another attorney from plaintiff's counsel's office, Gabriel Harvis, Esq. contacted the undersigned and indicated that plaintiff wanted to request an extension of the time to seek exemption from Local Civil Rule 83.10 until one week after Defendant's response to plaintiff's settlement demand. Defendant indicated that he would not consent and offered to try and work with plaintiff and the mediator to conduct an early mediation if the concern was time. Mr. Harvis called and left a voicemail and responded via e-mail that it was "a matter of basic fairness that we be allowed to know what defendants' offer is before we determine whether to participate in mediation or seek Plan exemption. It is not just about delay, it is also about not wasting time," and indicated that plaintiff would be applying for exemption from Local Civil Rule 83.10, and costs. Unfortunately, the undersigned was unable to return Mr. Harvis' e-mail and phone call before plaintiff filed his motion.

Defendant contends that the instant matter should not be exempted from Local Civil Rule 83.10, as this is the type of case to which Local Civil Rule 83.10 was intended to apply, as it is not a class action, and is brought by one plaintiff who seeks damages for one specific incident. Further, despite plaintiff's contentions to the contrary, no other circumstances warrant its exemption from the Plan. Plaintiff, albeit inappropriately, points to two Facebook posts, a complaint in another matter filed in the United States District Court for the Southern District of New York, and a New York Post article to support his contentions that Officer Marter is "a problem officer with little regard for police department rules." Defendants contend, however, that the issues set forth in plaintiff's November 6, 2017 letter do not bear on the issue of whether this case is appropriate to remain in Local Civil Rule 83.10, but is an obvious attempt to harass Defendant by setting forth issues that do not bear on the facts of this case or whether this case should remain in Local Civil Rule 83.10.

Moreover, it is obvious that plaintiff's true motivation for seeking removal is to alter the terms of Local Civil Rule 83.10, and allow him to seek removal from Local Civil Rule 83.10 if he is dissatisfied with the offer set forth by Defendant. This is in complete contravention to the spirit of Local Civil Rule 83.10. Defendants respectfully submit that the Plan was approved for good reasons: The timetables and limited discovery that it permits are sensible and foster early resolution of civil rights cases where such early resolution is possible, and mediation allows for the parties to discuss issues relevant settlement and work with a mediator to potentially resolve the matter. Although the parameters of Local Civil Rule 83.10 are more than appropriate for most cases, including this one, Defendant has nevertheless offered to try and mediate this matter on an expedited basis in an effort to cooperate with plaintiff.

Further, Defendants respectfully request that Exhibits 1 and 2 of plaintiff's November 6, 2017 letter be stricken. Federal district courts have "inherent authority to sanction parties appearing before [them] for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 81-82 (2d Cir. 1992) ("These powers . . . are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs

so as to achieve the orderly and expeditious disposition of cases.') (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, (1991)) (other citations omitted); *Unique Concepts, Inc.,* 115 F.R.D. at 294 (sanctioning plaintiff under the court's power under § 1927 and its inherent power). Accordingly, courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45; *Koehl v. Bernstein*, 2012 U.S. Dist. LEXIS 83617, *14-15, *20-21 (S.D.N.Y. 2012) (finding dismissal of the action an appropriate sanction for plaintiff's repeated bad faith, wanton, and vexatious verbal abuse directed at the court and at defendants' counsel).

Where, as here, Exhibits 1 and 2 have clearly been filed in an unwarranted effort to harass Officer Marter, sanctions may include, but are not limited to, for example the striking of any submission containing inappropriate and abusive material. *See, e.g. Brown v. Clayton*, No. 11-714, 2013 U.S. Dist. LEXIS 50143, *2, *4-5 (D. Conn. Apr. 8, 2013) (Ordering, pursuant to the Court's inherent power: (1) that the Clerk of the Court to strike § 1983 plaintiff's filings in their entirety as "'immaterial, impertinent, or scandalous;'" (2) that plaintiff's counsel provide an apology retracting all of the statements contained in the pleadings that reference defendant's counsel and (3) that plaintiff's future filings will permitted only after review for abuse by the court)(quoting FED. R. CIV. P. 12(f)(1)). Here these exhibits serve no proper purpose other than to harass Defendant by attacking his personal integrity, ethics, and character, which is inappropriate. Accordingly, Defendant respectfully requests that the Court strike the Exhibits from plaintiff's submission.

In light of the foregoing, Defendant respectfully requests that 1) Your Honor deny all relief plaintiff seeks at this time, and 2) strike Exhibits 1 and 2 from the docket.

Thank you for your consideration herein.

Respectfully submitted,

/s

Cherie N. Brown
*Assistant Corporation Counsel*
Special Federal Litigation Division

**VIA ECF**
Baree Fett, Esq.