# Harvis & Fett

SO ORDERED:                    11/15/17

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

GABRIEL P. HARVIS
BAREE N. FETT

November 6, 2017

**BY ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> For the reasons stated in Defendant's letter of opposition, *see* Dkt.
> No. 12, Plaintiff's request to be exempted from the District's 1983
> Plan is DENIED.
> It is further Ordered that the Clerk of Court strike Exhibits 1 and
> 2 to this letter-motion as impertinent. Fed. R. Civ. P. 12(f).
> SO ORDERED.

Re:  *Nimmons v. Marter, et al.*, 17 CV 5586 (AJN)

Your Honor:

I represent plaintiff Malik Nimmons in the above-referenced civil rights action. I write to respectfully request: 1) pursuant to Local Civil Rule 83.10(4)(a)(ii), that this matter be exempted from the Plan for Certain § 1983 Cases Against the City of New York ("Plan"); or, in the alternative, 2) that plaintiff's deadline to seek Plan exemption be extended from today until one week after defendants have responded to plaintiff's settlement demand. As discussed below, defendants object to this request.

This case, commenced on July 21, 2017, challenges plaintiff's April 2016 arrest by defendant NYPD Officer Peter Marter and other unidentified officers. Mr. Nimmons alleges that defendant Marter and his fellow officers, *inter alia*, arrested him in retaliation for his efforts to film them, in violation of plaintiff's First Amendment rights. *Complaint*, ¶¶ 19, 41-43; *see, e.g., Charles v. City of New York*, 12 CV 6180 (SLT) (SMG), 2017 WL 530460, *24 (E.D.N.Y. Feb. 8, 2017) ("[A]n argument could be made that a right to videotape police activity in public places was clearly established as of June 5, 2012.").

As plaintiff advised Corporation Counsel in seeking defendants' consent to Plan exemption, this is not an ordinary case. Public records indicate that defendant Marter appears to be a problem officer with little regard for police department rules. For example, on his public Facebook page, defendant Marter has posted a disturbing picture of himself, apparently "photoshopped," depicting him engaged in sexualized behavior

Hon. Alison J. Nathan
Nov. 6, 2017

in his police uniform in public. *See* Exhibit 1. Another image posted to defendant Marter's public Facebook profile shows him – again, in uniform in public – posing with an individual identified as pornographic actress Ashley Logan. *See* Exhibit 2. In the comments to that post, defendant Marter remarks: "Welfare recipients don't pay taxes ya Jew bastard." *Id.* at p. 2.

Unsurprisingly, defendant Marter's public Facebook profile (accessible as of today) directly contravenes NYPD rules, including Operations Order 29 "Use of Social Media by Members of the Service," annexed hereto as Exhibit 3, and Patrol Guide § 2013-10 "Public Contact – Prohibited Conduct," annexed hereto as Exhibit 4, which prohibit such postings in even private settings:

> Members of the service are <u>prohibited</u> from posting photographs of themselves in uniform and/or displaying official identification, patches, marked/unmarked vehicles on internet sites without authorization from the Department…*Violations of this Order may subject members of the service to disciplinary action, including termination form the Department.*

Exhibit 3 at pp. 2-3 (emphasis in original); *see* Exhibit 4 at § 1 (prohibiting an officer's public use of "disrespectful remarks regarding another person's ethnicity, race, religion, gender, gender identity/expression, sexual orientation, or disability").

In *Elkhouly v. City of New York*, 17 CV 2318 (KBF), a group of NYPD officers including defendant Marter is accused of misconduct similar to that alleged here: after being discourteous to the plaintiff, a fruit cart vendor, the officers allegedly deleted a recording from his cell phone and falsely arrested him. According to the plaintiff in that case, the Civilian Complaint Review Board substantiated a number of allegations against Marter in that incident. *See Elkhouly* Complaint, annexed hereto as Exhibit 5, at ¶¶ 19-82.

Recently, a Manhattan attorney of Puerto Rican descent, Angel Antonio Castro III, accused defendant Marter of racially profiling him and his fiancée after the couple attended a nonprofit fundraiser. *See* Marsh, Julia, N.Y. POST, *Cops Harassed, Assaulted Couple After Puerto Rico Fundraiser: Suit*, September 29, 2017, accessible at http://nyp.st/2xMav2f ("Police officer Peter Marter allegedly started shining a flashlight in Benitez's face as she tried to record the incident and then pushed her when she attempted to read his badge number, the suit says.").

Hon. Alison J. Nathan
Nov. 6, 2017

Plaintiff made a settlement demand in accordance with Local Civil Rule 83.10(7) on November 1, 2017. At that time, plaintiff raised the issue of Plan exemption, citing issues surrounding defendant Marter that would complicate mediation and make early resolution, before the exchange of full discovery, unlikely. Defendants responded that they would oppose the request, arguing that it was "simply too early to determine that mediation would not be fruitful." Defendants contend that this is "the type of case to which the Plan was intended to apply" and that "no other circumstances warrant exemption." In their statement of opposition, defendants noted that a settlement demand was provided on November 1st and they were still evaluating it.

In an attempt to resolve the dispute, plaintiff proposed that in lieu of seeking Plan exemption at this juncture he would instead request an extension of the exemption application deadline until after defendants responded to plaintiff's offer. Plaintiff explained that, as a matter of fairness, he should be allowed some insight into defendants' settlement posture before agreeing to undertake mediation and the six- to eight-week time commitment involved. Defendants responded that they would not consent to any extension of the exemption application deadline.

Plaintiff's voicemail and e-mail to defense counsel seeking an opportunity to confer by telephone on the issue were not returned as of this writing.

In light of the foregoing, plaintiff respectfully requests: 1) pursuant to Local Civil Rule 83.10(4)(a)(ii), that this matter be exempted from the Plan; or, in the alternative, 2) that plaintiff's deadline to seek Plan exemption be extended from today until one week after defendants have responded to plaintiff's settlement demand

Thank you for your consideration of this request.

Respectfully submitted,

/s/
Baree N. Fett

Encl.

cc:    Cherie Brown, Esq.