UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIK NIMMONS,

                                    Plaintiff,

              -against-

POLICE OFFICER PETER MARTER, SHIELD NO. 18790; POLICE OFFICER TIMOTHY FINN, SHIELD NO. 02795, AND JOHN AND JANE DOE 1 THROUGH 10,

                                  Defendants.
------------------------------------------------------------------------ x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT POLICE OFFICER TIMOTHY FINN**

17 CV 5586 (AJN)

JURY TRIAL DEMANDED

        Defendant Detective Timothy Finn (s/h/a Police Officer Timothy Finn) (hereinafter referred to as "Defendant")[1] by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his Answer to the First Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the First Amended Complaint, except admits that Plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the First Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the First Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Defendant Police Officer Peter Marter filed an Answer to the Amended Complaint on December 11, 2017.

4. Denies the allegations set forth in paragraph "4" of the First Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the First Amended Complaint is a demand for a trial by jury to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the First Amended Complaint.

7. Denies the allegations set forth in paragraph "7" of the First Amended Complaint, except admits that on or about April 18, 2016, Peter Marter was employed by the City of New York as a police officer and that plaintiff purports to proceed as stated therein.

8. Denies the allegations set forth in paragraph "8" of the First Amended Complaint, except admits that on or about April 18, 2016, Timothy Finn was employed by the City of New York as a police officer and that plaintiff purports to proceed as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "9" of the First Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the First Amended Complaint.

11. Paragraph "11" of the Complaint sets forth legal conclusions to which no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the First Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the First Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the First Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the First Amended Complaint.

17. Denies the allegations set forth in paragraph "17" of the First Amended Complaint.

18. Denies the allegations set forth in paragraph "18" of the First Amended Complaint, except admits that Officer Marter and Detective Finn were present in the vicinity of 414 West 42nd Street on April 18, 2016, at approximately 10:40 P.M.

19. Denies the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the First Amended Complaint.

21. Denies the allegations set forth in paragraph "21" of the First Amended Complaint.

22. Denies the allegations set forth in paragraph "22" of the First Amended Complaint.

23. Denies the allegations set forth in paragraph "23" of the First Amended Complaint.

24. Denies the allegations set forth in paragraph "24" of the First Amended Complaint, except admits that plaintiff was transported to the 10th Precinct after his arrest on April 18, 2016.

25. Denies the allegations set forth in paragraph "25" of the First Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the First Amended Complaint.

27. Denies the allegations set forth in paragraph "27" of the First Amended Complaint, except admits that on or about April 19, 2016, plaintiff was transported to Manhattan Central Booking.

28. Denies the allegations set forth in paragraph "28" of the First Amended Complaint, except admits that plaintiff was arraigned in New York County Criminal Court on or about April 19, 2016, and was released on his own recognizance.

29. Denies the allegations set forth in paragraph "29" of the First Amended Complaint, except admits that the criminal charges were dismissed on or about December 19, 2016.

30. Denies the allegations set forth in paragraph "30" of the First Amended Complaint.

31. In response to the allegations set forth in paragraph "31" of the First Amended Complaint, Defendant repeats and realleges the responses set forth in the foregoing paragraphs.

32. Denies the allegations set forth in paragraph "32" of the First Amended Complaint.

33. Denies the allegations set forth in paragraph "33" of the First Amended Complaint.

34. In response to the allegations set forth in paragraph "34" of the First Amended Complaint, Defendant repeats and realleges the responses set forth in the foregoing paragraphs.

35. Denies the allegations set forth in paragraph "35" of the First Amended Complaint, and further state that the allegations regarding "acting under color of state law," are legal conclusions to which no response is required.

36. Denies the allegations set forth in paragraph "36" of the First Amended Complaint.

37. Denies the allegations set forth in paragraph "37" of the First Amended Complaint.

38. In response to the allegations set forth in paragraph "38" of the First Amended Complaint, Defendant repeats and realleges the responses set forth in the foregoing paragraphs.

39. Denies the allegation set forth in paragraph "39" of the First Amended Complaint.

40. Denies the allegation set forth in paragraph "40" of the First Amended Complaint.

41. Denies the allegation set forth in paragraph "41" of the First Amended Complaint.

42. Denies the allegation set forth in paragraph "42" of the First Amended Complaint.

- 6 -

43. Denies the allegation set forth in paragraph "43" of the First Amended Complaint.

44. In response to the allegations set forth in paragraph "44" of the First Amended Complaint, Defendant repeats and realleges the responses set forth in the foregoing paragraphs.

45. Denies the allegation set forth in paragraph "45" of the First Amended Complaint, and further state that the allegations set forth therein regarding "interest protected by the First Amendment" are legal conclusions, rather than averments of fact, to which no response is required.

46. Denies the allegation set forth in paragraph "46" of the First Amended Complaint.

47. Denies the allegation set forth in paragraph "47" of the First Amended Complaint.

48. Denies the allegation set forth in paragraph "48" of the First Amended Complaint.

49. In response to the allegations set forth in paragraph "49" of the First Amended Complaint, Defendant repeats and realleges the responses set forth in the foregoing paragraphs.

50. Denies the allegation set forth in paragraph "50" of the First Amended Complaint.

51. Denies the allegation set forth in paragraph "51" of the First Amended Complaint.

52. No response is required to the section of the First Amended Complaint entitled "PRAYER FOR RELIEF," and each of its subparts, as it is not an averment of fact.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

53. The First Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

54. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the intervening culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56. To the extent plaintiff is alleging state law claims, said claims may be barred in whole or in part for failure to comply with N.Y. GEN. MUN. LAW §§ 50-e, 50-h, and 50-i.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

58. There was reasonable suspicion and/or probable cause for any stop, seizure or search.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

59. To the extent plaintiff alleges State law claims, said claims may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

60. Plaintiff may have failed to mitigate his damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

61. Defendant Finn has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore is protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the First Amended Complaint, Defendant Finn acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

63. To the extent plaintiff alleges claims under State law, said claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant Finn was not personally involved in some or all of the incident alleged in the First Amended Complaint.

- 9 -

**WHEREFORE,** Defendant Detective Timothy Finn requests judgment dismissing the First Amended Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 4, 2018

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants Marter and Finn
                              New York, New York 10007
                              (212) 356-5054

                   By:         \s\
                              CHERIE N. BROWN
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    **VIA E.C.F.**
       Baree Fett, Esq.
       Harvis & Fett, LLC
       305 Broadway, 14th Floor
       New York, New York 10007
       *Attorney for Plaintiff*