UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MALIK NIMMONS,

                         Plaintiff,

               -against-

Police Officer PETER MARTER, Shield No. 18790; Police Officer TIMOTHY FINN, Shield No. 02795; Police Officer JEROME PACKTOR, Shield No. 14851; Police Officer VICTORIA LYNCH, Shield No. 13203; Sergeant LOGAN LEFKOWITZ, Shield No. 2702; and JOHN and JANE DOE 1 through 10,

                        Defendants.
------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

17 CV 5586 (AJN)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Malik Nimmons is a resident of New York County in the City and State of New York.

7. At all times relevant herein, the individual defendants named herein were officers, employees and agents of the NYPD. The defendants are sued in their individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 10:30 p.m. on April 18, 2016, Mr. Nimmons was a passenger inside of a green taxi traveling from Brooklyn to his home in Manhattan.

12. Along the way, Mr. Nimmons, who was sober, had dozed off in the back seat of the cab.

13. Without any discussion between plaintiff and the driver, the taxi stopped in the area of 414 West 42nd Street, far from plaintiff's home on 125th Street.

14. Two police officers in uniform appeared and shined a light in Mr. Nimmons' face.

15. Mr. Nimmons was ordered out of the vehicle by the defendant officers, one male and one female, and was told he would be arrested if he did not pay the fare.

16. Although Mr. Nimmons had done nothing wrong, had not yet reached his destination, and had given no indication that he was unwilling to pay the fare, he complied and paid the fare.

17. During this time, defendant Marter and another defendant officer, believed to be defendant Finn, arrived on the scene.

18. For no apparent reason, defendant Marter acted aggressively and with

disdain toward plaintiff.

19.   Believing the officers had acted improperly toward him, plaintiff, from a reasonable distance and in a reasonable manner, took out his phone in an attempt to document their badge numbers.

20.   Upon seeing plaintiff take out his phone, defendant Marter became irate and falsely accused plaintiff of assaulting him. The other defendant officers on the scene had observed the interaction between plaintiff and Marter and knew no assault had taken place.

21.   Defendant Marter and the other defendant officers then falsely arrested plaintiff knowing he had been arrested in the absence of probable cause.

22.   The defendants arrested Mr. Nimmons in retaliation for his attempted filming of them, conduct that is protected under the First Amendment.

23.   Plaintiff was taken to the 10th precinct.

24.   At the precinct, defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff commit several crimes and forwarded false paperwork to that effect.

25.   At no point did the officers ever observe Mr. Nimmons commit any crime or offense.

26.   After several hours at the precinct, plaintiff was taken to the "Tombs"

where he was held for many more hours.

27. Mr. Nimmons was arraigned in New York County Criminal Court and ultimately released on his own recognizance after approximately twenty hours in custody.

28. Plaintiff was compelled to appear in criminal court on approximately eight occasions before the charges against him were dismissed on December 19, 2016.

### Supervisory Allegations

29. This is not an isolated incident.

30. The public was generally at risk during the period defendant Peter Marter was working at the NYPD.[1]

31. Two weeks before Marter allegedly violated the rights of plaintiff in this case, he arrested the plaintiff in *Elkhouly v. City of New York*, 17 CV 2318 (KBF). In *Elkhouly*, the plaintiff, a fruit cart vendor, alleged that after first being discourteous to plaintiff, Marter then deleted a recording from plaintiff's cell phone and falsely arrested him. According to the plaintiff in that case, the Civilian Complaint Review Board substantiated a number of allegations against Marter in that incident. *See Elkhouly* Complaint, Annexed to Docket Entry 10 as Exhibit 5, at ¶¶ 19-82; *see also*

---

[1] Upon information and belief, defendant Marter recently retired from the NYPD.

*Philip Anderson v. City of New York*, 16 CV 6629 (DLC), Complaint at ¶ 33 (accusing Marter of unlawful strip- and body-cavity searches).

32. Defendant Marter's social media practices directly contravene the patrol guide and illustrate both the defendant's disregard for the rules, and the NYPD's disinterest in enforcing them, giving rise to an "anything goes" environment. *See* Letter at Docket Entry 10. Notably, Marter's Facebook posts remained public until November 2017, when plaintiff brought the matter to the attention of the Court.

33. Recently, a Manhattan attorney of Puerto Rican descent, Angel Antonio Castro III, accused defendant Marter of racially profiling him and his fiancée after the couple attended a nonprofit fundraiser. *See* Marsh, Julia, N.Y. POST, *Cops Harassed, Assaulted Couple After Puerto Rico Fundraiser: Suit,* September 29, 2017, accessible at http://nyp.st/2xMav2f ("Police officer Peter Marter allegedly started shining a flashlight in Benitez's face as she tried to record the incident and then pushed her when she attempted to read his badge number, the suit says.").

34. Mr. Nimmons suffered damage as a result of defendants' actions. He was deprived of his liberty, subjected to an unlawful search, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, adverse employment action, humiliation and damage to his reputation.

## FIRST CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Malicious Prosecution

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that

there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

41. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Denial of Constitutional Right to Fair Trial

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants created false evidence against plaintiff.

44. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

45. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Plaintiff had an interest protected by the First Amendment in filming the interaction between his friend and the police.

50. The defendants' actions were motivated or substantially caused by plaintiff's exercise of that right.

51. The defendants' actions effectively chilled the exercise of plaintiff's First Amendment right.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Colon* Supervisory Liability

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. To the extent defendant Lefkowitz and any supervisory officers were directly involved in the violation of plaintiff's rights or culpably failed to supervise the subordinate defendants they are liable to plaintiff for the damages he sustained.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure to Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     May 18, 2018
           New York, New York

                                HARVIS & FETT LLP


                                _____/s/_____
                                Baree N. Fett
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                bfett@civilrights.nyc

                                *Attorneys for plaintiff*