UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALIK NIMMONS,

                                             Plaintiff,

                        -against-

POLICE OFFICER PETER MARTER, SHIELD NO.
18790; POLICE OFFICER TIMOTHY FINN, SHIELD
NO. 02795, AND JOHN AND JANE DOE 1 THROUGH
10,

                                             Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
AND REQUESTS FOR
PRODUCTION OF
DOCUMENTS**

**17 CV 5586 (AJN)**

      Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants Police Officer Peter Marter and Detective Timothy Finn (s/h/a Police Officer Timothy Finn) (hereinafter referred to collectively as "Defendants") respond and object to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

## GENERAL STATEMENT

      1.  By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

      2.  Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect

to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.   With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify any and all persons who witnessed, were present at, investigated, or have any knowledge of the Incident alleged in plaintiff's Complaint.

The individuals to be identified include, but are not limited to (the below examples are not to be construed as sub-parts - they are listed solely to avoid ambiguity):

a)    The arresting officer;

b)    The arresting officer's partner or partners;

c)    Any other officer or supervisor present at the time and place of plaintiff's arrest;

d)    Any supervisor of the individuals identified in (a) - (c), above, or any other officers, who ordered, requested, participated in or approved the decision to arrest plaintiff;

e)    The commanding officer of the squad or unit of the NYPD to which the individuals identified in (a) -(c), above, were assigned, including both (i) the ranking officer at the scene of the arrest of plaintiff, and (ii) any higher-level supervisor to whom the ranking officer at the scene reports.

f)    The desk officer of the precinct to which plaintiff was brought at the time plaintiff was brought to that precinct following plaintiff's arrest;

g)    The officer or officers who took custody of plaintiff, transported plaintiff to the precinct, or played any role in plaintiff's processing at that precinct after plaintiff's arrest;

h)    All officer(s) who made physical contact with plaintiff;

i)  The officer or officers who transported plaintiff to Central Booking;

j)  The officer or officers who escorted plaintiff while at Central Booking;

k)  The officer or officers who had any contact or communication with the District Attorney's office regarding the arrest and/or prosecution of plaintiff;

l)  All District Attorney employees who performed work related to plaintiff's prosecution;

m)  All medical personnel who were present with or had any interaction with plaintiff from the time of plaintiff's arrest until plaintiff was released from custody; and

n)  All civilians present at the scene of plaintiff's arrest

For each individual identified who is presently an employee of the City of New York (hereinafter "City"), provide (i) the business address and, if applicable, the shield number or other identification number of that individual; (ii) the individual's command on the date or dates that the individual took any actions concerning plaintiff; and (iii) the individual's present command. For individuals who are not so presently employed, if any, include the home and business addresses and telephone numbers of each such individual. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1, which is construed so as to set forth 14 discrete and separate subparts, on the grounds that it is vague and ambiguous because plaintiff has not meaningfully defined or limited the term "incident," arrest," or "prosecution." Defendants further object to the interrogatory on the grounds that the request to identify individuals who "ordered", "requested", "participated in" or "approved" in the arrest is

- 4 -

ambiguous, overbroad, confusing, assumes facts not established, mischaracterizes the facts of the record, are not limited in time or in scope and to the extent that it: (a) seeks information that is not relevant to any claim or defense in this action; and, (b) seeks information that is not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, because the case is brought against only defendants and no other officers.  Defendants also object to the extent it seeks information that is equally available to, or was already made available to plaintiff as a result of his criminal proceeding, medical treatment, or previous disclosures by Defendants.  Defendants also object to the extent it seeks information that is not within the possession, custody and control of Defendants, as it calls for information regarding those employees of the District Attorney's Office who performed work related to plaintiff's prosecution. Defendants also object to the extent that it is in violation of Local Rule 26.5, and to the extent that the information sought is not relevant to any party's claims or defenses. Defendants also objects to the extent that it seeks information protected from disclosure under the official information privilege, law enforcement privilege and/or other applicable privilege, or implicates the privacy or security interests of non-parties.

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, Defendants identify the following individuals previously identified in Defendants' Initial Disclosures dated November 6, 2017 ("Initial Disclosures") for information responsive to this request, and also identify the following individuals:

a)  Arresting officer

- Defendant Police Officer Peter Marter, Shield No. 18790, retired

b)  The arresting officer's partner or partners

- Defendant Detective Timothy Finn, Shield No. 3078, New York City Police Department, Detective Bureau, Personnel, One Police Plaza, Room 1200, New York, NY 10007

c)   Any other officer or supervisor present at the time and place of plaintiff's arrest:

- Police Officer Jerome Packtor, Shield No. 14851, 18th Precinct, 306 West 54th Street, 10019.

d)   Any supervisor of the individuals identified in (a) – (c), above, or any other officers, who ordered, requested, participated in or approved the decision to arrest plaintiff

- In response to  this Interrogatory, Defendants state, upon information and belief, that Sergeant Logan Lefkowitz, Shield No. 2702, verified plaintiff's April 18, 2016 arrest and is listed as the "Supervisor Approving" on the NYPD Omniform Arrest Report, pertaining to plaintiff's arrest on April 18, 2016.

e)   The commanding officer of the squad or unit or the NYPD to which the individuals identified in (a) –(c), above, were assigned, including both (i) the ranking officer at the scene of the arrest of plaintiff, and (ii) any higher-level supervisor to whom the ranking officer at the scene reports.

- In response to this Interrogatory, Defendants limit their response to the identity of the Commanding Officer of the precinct where plaintiff's arrest was processed, and state, upon information and belief, that on April 18, 2016, Deputy Inspector Michele Irizarry, was assigned to the 10th Precinct as the Commanding Officer.

f)   The desk officer of the precinct to which plaintiff was brought at the time plaintiff was brought to that precinct following plaintiff's arrest.

- In response to this Interrogatory, Defendants state that Sergeant Brian Gonzalez, Brian Gonzalez was assigned as the desk officer on April 18, 2016.

g)   The officer or officers who took custody of plaintiff, transported plaintiff to the precinct, or played any role in plaintiff's processing at that precinct after plaintiff's arrest

- Defendant Police Officer Peter Marter
- Defendant Detective Timothy Finn

h)   All officer(s) who made physical contact with plaintiff;

- In response to this Interrogatory, Defendants identify defendants Police Officer Peter Marter and Detective Timothy Finn, as the individuals who handcuffed plaintiff on April 18, 2016.  .

i)   The officer or officers who transported plaintiff to Central Booking;

- In response to this Interrogatory, Defendants state that they are not withholding any information on the basis of the objections herein, and

are continuing to search for information responsive to this request, and will produce the information within 30 days of service of these responses to the extent that such information becomes available.

j)   The officer or officers who escorted plaintiff while at Central Booking;

- In response to this Interrogatory, Defendants state that they are not withholding any information on the basis of the objections herein, and are continuing to search for information responsive to this request, and will produce the information within 30 days of service of these responses to the extent that such information becomes available.

k)   The officer or officers who had any contact or communication with the District Attorney's office regarding the arrest and/or prosecution of plaintiff;

- Defendant Police Officer Peter Marter

l)   All District Attorney employees who performed work related to plaintiff's prosecution;

- In response to this Interrogatory, Defendants state that upon information and belief, Assistant District Attorney Jenna Long, was the ADA assigned to the underlying criminal matter.

m)   All medical personnel who were present with or had any interaction with plaintiff from the time of plaintiff's arrest until plaintiff was released from custody; and

- Upon information and belief, Defendants state that there is no information responsive to this request.

n)   All civilians present at the scene of plaintiff's arrest

- Defendants refer plaintiff to their objections to this Interrogatory, and state that they are continuing to search for information responsive to this request, and will produce the information within 30 days of service of these responses to the extent that such information becomes available.

## INTERROGATORY NO. 2:

Was any portion of the Incident described in plaintiff's Complaint the subject of an investigation by the CCRB, NYPD or other governmental body? If so, identify a) the agency; and b) the status of the investigation. If the investigation is concluded, state the outcome.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2, which is construed so as to set forth 2 discrete and separate subparts, on the grounds that it is vague and overbroad insofar as it calls for the production of information without any specificity as to the agency, calls for the production of information from a potentially broad range of custodians unknown to defendants. Defendants also object to the extent that it is in violation of Local Rule 26.5, and to the extent that some of the information sought is not relevant to any party's claims or defenses.  Defendants further object to the extent that it seeks information and/or documents that are protected by the law enforcement privilege, deliberative process privilege, or other applicable privileges, and to the extent that this document request calls for information and/or the production of documents reflecting allegations of misconduct made to CCRB or IAB regarding allegations of misconduct that were not substantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, and to the extent it seeks information that predates the incident by more than 10 years, and thus too remote to be relevant, or which occurred subsequent to the incident.

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, Defendants state that on April 27, 2016, plaintiff made a report to the IAB Command Center concerning his arrest on or about April 18, 2016, and that the resulting investigation was closed as unsubstantiated.  In addition, Defendants refer plaintiff to the NYPD Chief of Department Log# 2016-14913, which is annexed hereto and bears Bates Stamp Nos. DEF 47 – DEF 55, and which Defendants deem to be confidential and are producing pursuant to the Protective Order deemed to have been issued in all cases governed by Local Civil Rule 83.10, and annexed thereto as Exhibit "D," for information responsive to this request.

**INTERROGATORY NO. 3:**

For each employee of the City present at the scene of plaintiff's arrest and/or involved in any portion of the Incident described in plaintiff's Complaint (hereinafter "City Employee(s) Involved"), identify every prior lawsuit and/Or Notice of Claim to which that individual has been or is a party. For each such suit and/or claim, provide a) the docket or claim number; b) court; and c) outcome, including the amounts of all settlements and/or verdicts. If a suit is pending, so state.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3, which is construed so as to set forth 5 discrete and separate subparts, on the grounds that it is vague and ambiguous insofar as it lacks specificity as to what plaintiff means by the "incident" or in what context such individuals were "involved" in the arrest. Defendants also object on the grounds that this interrogatory is overbroad insofar as it seeks information about each City employee, many of whom may be unknown to defendants, and on the grounds that it invades the privacy rights of non-parties. Defendants also object to the extent that it seeks information that may be already known to plaintiff, and seeks information that is beyond the scope of this litigation insofar as such lawsuits may not be similar in nature or pertain to plaintiff's claims. Defendants further object to the extent that the information sought is not relevant to any party's claims or defenses, not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues because the case is brought against only defendants and no other officers or individuals, and to the extent it seeks information that is publically available.

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, and limiting their responses to the identity and disposition of civil rights lawsuits in which the individual defendants who have been duly served with the First Amended

Complaint and have appeared in this action, were named as defendants , Defendants refer plaintiff to their Initial Disclosures, dated November 6, 2017, for information responsive to this request.   In addition, Defendants identify the following:

a) Police Officer Peter Marter

- *Elkhouly et al. v. The City of New York et al*, 17 CV 2318 (KBF) (Pending)

- *Anderson v. The City of New York et al.* 16 CV 6629 (DLC) (Dismissed)

- *Wakefield v. The City of New York*, 260424/2011 Bronx Supreme Court (Settled)

- *Williams v. City of New York*, 305215/2008 Bronx Supreme Court (Settled)

- *Castro v. The City of New York*, 158678/2017 New York County Supreme Court (Pending)

b) Detective Timothy Finn

- *Elkhouly et al. v. The City of New York et al*, 17 CV 2318 (KBF) (Pending)

- *Kawan Tucker v. The City of New York et al*, 13 cv 5314 (KBF) (Pending)

**<u>INTERROGATORY NO. 4:</u>**

Have any of the City Employees Involved ever been the subject of a civilian complaint to the CCRB, NYPD or other governmental body? If so, for each such complaint, state: a) the City Employee Involved; b) the name, address and telephone number of the civilian complainant; c) the date of the civilian complaint; d) the nature of the allegations contained in the civilian complaint; and e) the outcome of any investigation.  If the investigation is ongoing or the civilian complaint was not investigated, so state.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:

Defendants object to Interrogatory No. 4, which is construed so as to set forth 5 discrete and separate subparts, on the grounds that the request to identify "City Employees Involved" and "subject of" is ambiguous, overbroad, confusing, assumes facts not established, mischaracterizes the facts of the record, is not limited in time or in scope and to the extent that it: (a) seeks information that is not relevant to any claim or defense in this action; and, (b) seeks information that is not proportional to the needs of the case considering the amount in controversy, or the importance of the discovery in resolving the issues, because the case is brought against only Defendants and no other officers or individuals, requests information not in Defendants' possession, custody or control, to the extent it seeks information that is publically available, to the extent it implicates the official information, law enforcement, deliberative process, attorney-client and work product privileges and to the extent that there is a more practical method of obtaining the information sought.  Defendants further object on the grounds that it implicates privacy interests of non-parties to this action, and to the extent plaintiff seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing, or are older than ten years old, and thus too remote to be relevant, or which occurred subsequent to the incident.

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, Defendants refer plaintiff to their Initial Disclosures dated April 11, 2017, and the CCRB resume and Central Personnel Index ("CPI") of Police Officer Peter Marter,

annexed thereto bearing Bates Stamp Nos. DEF 40-46, for information responsive to this request.

Defendants further refer plaintiff to the following documents annexed hereto[1]:

- CCRB History for Detective Timothy Finn (Bates No. DEF 56); and,

- CPI for Detective Timothy Finn (Bates Nos.  DEF 57-58).

The information in the above-referenced documents reflect complaints or incidents that are of a similar nature to those alleged in the Complaint or that raise questions about the Defendants' credibility made within 10 years before the alleged incident against the individually-named Defendants only and are being produced subject to the protective order incorporated within Local Civil Rule 83.10.

## INTERROGATORY NO. 5:

Have any of the City Employees Involved ever been the subject of an investigation by the City? For each such investigation: a) identify the City Employee investigated; b) identify the agency that conducted  the investigation; c) state the nature of the investigation; d) state the outcome of the investigation; and e) provide the file or case number, if any. If an investigation is ongoing, so state.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

In response to Interrogatory No. 5, Defendants refer plaintiff to their objections and responses to Interrogatory No. 4. Defendants also object to Interrogatory No. 5 and each of its discrete subparts on the grounds that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1).

---

[1] The dates of birth of the defendant officers have been redacted on relevancy and privacy and security grounds and pursuant to the official information privilege.  Portions of CCRB Histories and CPI Reports outside the parameters outlined above have been redacted on relevancy grounds.

**INTERROGATORY NO. 6:**

Have any of the City Employees Involved ever been disciplined by the City? For each instance of such discipline: a) identify the City Employee disciplined; b) state the nature of the discipline imposed, including but not limited to, command discipline, verbal or written warning or reprimand, loss of leave time, placement on probation or monitoring of any kind, transfer, demotion, re-training, mediation or conciliation, charges and specification, suspension, reassignment or modification; c) provide the date(s) when the underlying conduct occurred and the discipline was imposed; and d) provide the file or case number, if any.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

In response to Interrogatory No. 6, Defendants refer plaintiff to their objections and responses to Interrogatory No. 4. Defendants also object to Interrogatory No. 5 and each of its discrete subparts on the grounds that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1).

**INTERROGATORY NO. 7:**

Have any of the City Employees Involved ever been arrested for a crime of dishonesty or convicted of a crime of dishonesty or a felony in any jurisdiction? For each such arrest or conviction, identify: a) the City Employee Involved; b) the date(s) of arrest; c) the date of conviction, if any d) the arrest charge(s); e) conviction charge(s) if any; and f) the sentence imposed, if any.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 and each of its discrete subparts on the grounds that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1),  on the grounds that it is vague insofar as it calls for the production of information without specificity as to "the City employees involved," and overbroad because it calls for information

regarding any felony or conviction in any jurisdiction. Defendants also object to the extent that it is not sufficiently limited in time or scope, and is beyond the scope of this litigation. Defendants also object to the extent that the information sought is not relevant to any party's claims or defenses.  Defendants also object to the extent that it violates Fed. R. Civ. P. 26(b) because it is not proportional to the needs of this case or the importance of such discovery in resolving the issues. Defendants also object to the extent that this interrogatory is being interposed for an improper purpose such as to harass or annoy Defendants. Defendants further object to the extent that it implicates the privacy interests of defendants, is an unwarranted invasion of privacy, and may call for information that is sealed by operation of law and/or pursuant to N.Y.C.P.L.§160.50 or §160.55. Defendants further object to the relevance of this interrogatory to the extent that it seeks information regarding allegations of misconduct that were unsubstantiated, did not result in a finding of misconduct, are not similar in nature to the allegations herein, or are older than ten years old, and thus too remote to be relevant, or which occurred subsequent to the incident.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting their response to defendants Officer Marter and Detective Finn, Defendants state that, upon information and belief, Officer Marter and Detective Finn have never been arrested for or convicted of a crime of dishonesty in any jurisdiction.

**<u>INTERROGATORY NO. 8:</u>**

Have any of the City Employees Involved ever had their testimony discredited or their veracity called into question by any court or tribunal in any jurisdiction at any time under any circumstances? For each such instance, identify: a) the City Employee Involved; b) the date(s) of the proceeding; c) the nature of the proceeding; d) the identifying docket or case number; and e) the basis given for the determination of the court or tribunal, if any.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

In response to Interrogatory No. 8, Defendants refer plaintiff to their objections and responses to Interrogatory No. 7. Defendants also object to Interrogatory No. 8 and each of its discrete subparts on the grounds that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1).

Notwithstanding and without waiving or in any way limiting the foregoing specific objections, and limiting their response to defendants Officer Marter and Detective Finn, Defendants state that they are not withholding any information on the basis of the objections herein, and are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such information becomes available.

**INTERROGATORY NO. 9:**

Are defendants withholding or redacting any documents on the basis of privilege? If so, for each such redacted or withheld document: a) identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; b) provide: i) the type of document, e.g., letter or memorandum; ii) the general subject matter of the document or redaction; iii) the date of the document; iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other. *See* FED. R. CIV. P. 26(b)(5) and. Local Civil Rule 26.2(b).

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 and each of its discrete subparts on the grounds that, including its discrete subparts, it exceeds the number of interrogatories permitted

by Fed. R. Civ. P. 33(a)(1).  Defendants further object to interrogatory on the grounds that it is vague and ambiguous because plaintiff has not meaningfully defined or limited the term "document."  Subject to and without waiving or in any way limiting these specific objections, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4, Footnote no. 1, for information responsive to this interrogatories.  Defendants further state that they will comply with the Federal Rules of Civil Procedure and will produce a privilege log, if required.

**INTERROGATORY NO. 10:**

Identify any and all arrest evidence recovered at the scene of plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it seeks information that is equally available to, or was already made available to plaintiff by virtue of the criminal proceeding, and to the extent that it seeks information that may already be in plaintiff's possession, custody and control. Notwithstanding and without waiving or in any way limiting these specific objections, Defendants state that there is no information responsive to this request.

**INTERROGATORY NO. 11:**

Did any of the City Employees Involved sustain an injury during the incident? If so, identify: a) the City Employee Involved; b) the nature of the injury; c) the name of any medical care provider rendering treatment for the injury; and d) the date(s) of any medical treatment rendered therefor.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that this interrogatory exceeds the number allowed under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Defendants also object on the grounds that it is vague in that plaintiff does not define what he means by "city employees involved," "injury" is ambiguous, overbroad, confusing, assumes

facts not established, mischaracterizes the facts of the record, are not limited in time or in scope and to the extent that it: (a) seeks information that is not relevant to any claim or defense in this action; and, (b) seeks information that is not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, because the case is brought against only Defendants and no other officers or individuals, requests information not in defendants' possession, custody or control, to the extent it implicates the official information and/or attorney-client and work product privileges, and to the extent that there is a more practical method of obtaining the information sought. . Defendants further object to this interrogatory to the extent it implicates the privacy interests of non-parties and the parties, and to the extent it implicates the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1370, et seq.

Notwithstanding and without waiving or in any way limiting the foregoing specific objections, and limiting their response to defendants Marter and Finn, Defendants state that defendants Officer Marter and Detective Finn did not sustain any injuries during the course of plaintiff's arrest on April 18, 2016.

**INTERROGATORY NO. 12:**

Did any City Employee Involved request medical treatment for plaintiff in connection with plaintiff's injuries? If so, identify: a) the City Employee that made the request; b) how the request was made; i.e., over the radio, by cell phone, through channels; and c) when the request was made.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), that the request to identify "City Employees Involved" and "injury" is ambiguous, overbroad, confusing, assumes facts not

established, mischaracterizes the facts of the record, is not limited in time or in scope and to the extent that it seeks information that is not relevant to any claim or defense in this action.   and seeks information that is not proportional to the needs of the case considering the amount in controversy, or the importance of the discovery in resolving the issues, because the case is brought against only Defendants and no other officers or individuals, to the extent it requests information not in Defendants' possession, custody or control, and to the extent that there is a more practical method of obtaining the information sought, such as a deposition..

Notwithstanding and without waiving or in any way limiting the foregoing specific objections,  Defendants state that upon information and belief, no member of the NYPD requested medical treatment for plaintiff at or around the time of plaintiff's arrest on April 18, 2016, and further state that plaintiff has not alleged that he sustained any physical injuries during the course of his arrest on April 18, 2016. *See generally* First Amended Complaint.

**INTERROGATORY NO. 13:**

At the time of the Incident, were any surveillance cameras positioned to record any portion of the Incident? If so, a) state the location of each such camera; and b) describe all efforts undertaken by any and all City employee(s) to obtain and or preserve video footage of the Incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), that it is vague and ambiguous because plaintiff has not meaningfully defined or limited the term "incident."  Defendants further object to the interrogatory on the grounds that the request to identify "surveillance camera" and "positioned to record" is ambiguous, assumes facts not established, and to the extent that it: (a) seeks information that is not relevant to any claim or defense in this action; and, (b) seeks

information that is not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, because the case is brought against only Defendants and no other officers.  Defendants also objects to the extent that it seeks information protected from disclosure under the law enforcement privilege and/or other applicable privileges, and to the extent it seeks information that is not in Defendants' possession, custody or control.  .

Notwithstanding and without waiving or in any way limiting the foregoing specific objections, Defendants state that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such information becomes available.

**INTERROGATORY NO. 14:**

Was a litigation hold or preservation notice issued in connection with this litigation?

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that this interrogatory exceeds the number allowed under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Defendants also object on the grounds that it is not sufficiently limited in time or scope, and is interposed for an improper purpose such as to harass or annoy defendants. Defendants also object to the extent that the information sought is not relevant to any party's claims or defenses. Defendants further object to the extent that it seeks information protected from disclosure by the attorney work product and attorney-client privileges, and other applicable privileges.

**INTERROGATORY NO. 15:**

Has any City Employ [*sic*] Involved ever sought treatment for substance abuse counseling or been referred for Early Intervention?  If so, a) identify the City Employee Involved; and b) the time period when such treatment was obtained.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that this interrogatory exceeds the number allowed under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Defendants also object on the grounds that it is vague insofar as it calls for the production of information regarding "any city Employee involved" without specificity, and is overbroad to the extent that it requests information wholly unrelated to the subject incident or plaintiff's claims. Defendants also object to the extent that it is not sufficiently limited in time or scope because plaintiff provides no specificity as to the timeframe in question, and goes beyond the scope of litigation. Defendants also object to the extent that the information sought is not relevant to any party's claims or defenses, and to the extent it implicates the privacy rights of non-parties. Defendants also object to the extent that it is an unwarranted invasion of privacy, is being interposed for an improper purpose such as to harass or annoy the defendants, and violates Fed. R. Civ. P. 26(b) because it is not proportional to the needs of the case. Defendants also object to the extent that it seeks documents that are private and/or sensitive in nature, and whose disclosure is protected by the Health Insurance Portability and Accountability Act, 45 C.F.R. §164.512 ("HIPAA"), official information privilege, physician-patient privilege, psycho-therapist-patient privilege, or other applicable privileges.

**INTERROGATORY NO. 16:**

Will any item set forth in Plaintiff's Document Request Numbers 1-5 *not* be produced by the time defendants serve their Responses? If so, for each such document (or

portion thereof) state: a) the custodian and location of the document; b) why the document(s) has not been produced, including if the document does not exist; and c) the date by which the document(s) will be produced, if it exists.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 on the grounds that it is vague and premature insofar as it calls for information that cannot yet be provided for the very reason that Defendants are continuing to search for certain documents that may not be produced at the time such responses are served. Defendants also object to the extent that this interrogatory is being interposed for an improper purpose such as to harass or annoy the defendants.

Notwithstanding and without waiving or in any way limiting these specific objections, Defendants refer plaintiff to their Objections and Responses to Document Request Nos. 1 through 5 for information responsive to this request.

**INTERROGATORY NO. 17:**

For each City Employee Involved, state which categories of alleged misconduct, if any, were or will be redacted or otherwise withheld from defendants' production of disciplinary records for that individual.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

In response to Interrogatory No. 17, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.  Defendants further object to Interrogatory No. 17 on the grounds defendants object to Interrogatory No. 17 on the grounds that it that it exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1), it is vague and ambiguous as it is not clear what is meant by "categories" of alleged misconduct. Defendants also object to the extent that this interrogatory is being interposed for an improper purpose such as to harass or annoy the defendants. Defendants further object on the grounds that the request to identify "City

- 21 -

Employee Involved" and "misconduct" is ambiguous, overbroad, confusing, assumes facts not established, mischaracterizes the facts of the record, are not limited in time or in scope and to the extent that it: (a) seeks information that is not relevant to any claim or defense in this action; and, (b) seeks information that is not proportional to the needs of the case considering the amount in controversy and the importance of the discovery in resolving the issues, because the case is brought against only Defendants and no other officers.  Defendants also objects to the extent that it seeks information protected from disclosure  under the official information privilege, law enforcement privilege and/or other applicable privilege, or implicates the privacy or security interests of non-parties.  Defendants further object on the grounds that it implicates privacy interests of non-parties to this action, and to the extent plaintiff seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all documents identified in the foregoing Interrogatories.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

In response to Document Request No. 1, defendants refer plaintiff to the individual objections and responses for the previous interrogatories.

### DOCUMENT REQUEST NO. 2:

Produce all documents relevant to this action that are or were in the possession of any agency of the City, including but not limited to the NYPD, or that reflect the activities of any employee of the City that are relevant to this action and can be obtained by defendants.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, and overbroad insofar as it calls for production of all documents from "any" City agency, or that reflect "any" activity by "any City employee" that are relevant to this action without any specificity as to the type of document or from what agency or employee. Defendants also object to the extent that it is not sufficiently limited in time or scope because plaintiff provides no specificity as to the timeframe in question, and is burdensome because it calls discovery from a potentially broad range of potential custodians. Defendants object to the extent that such request is duplicative, insofar as defendants are already producing herein or have previously produced relevant documents pertaining to the underlying incident that are currently in their possession, and also calls for documents previously produced in connection with Defendants' Initial Disclosures dated November 6, 2017. Defendants also object to the extent that the documents sought are not relevant to any party's claims or defenses.  Defendants also

object to the extent that it is in violation of Fed. R. Civ. P. 26(b) insofar as it is not proportional to the needs of this case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden outweighs any likely benefit to plaintiff. Defendants also object to this request to the extent it seeks information protected from disclosure by the law enforcement privilege, deliberative process privilege, attorney-client privilege, work product privilege, or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, Defendants refer plaintiff to the documents annexed hereto, and the documents previously identified and produced in connection with their Initial Disclosures, dated November 6, 2017, for information responsive to this request.

**DOCUMENT REQUEST NO. 3:**

For each City Employee Involved, produce the following:

a)    Recent color digital photograph, labeled to reflect the employee's: a) full name; b) rank; c) shield number, if any; and d) current service address;

b)    Memo Books entries and/or Daily Activity Reports for the tour during which plaintiff was arrested;

c)    Internal Affairs "Resume," and underlying files and materials for each similar allegation and/or those regarding falsification or dishonesty, without date limitation and including "open" allegations;

d)    Civilian Complaint Review Board "Complaint History," and underlying files and materials for each similar allegation and/or those regarding falsification or dishonesty, without date limitation and including "open" allegations;

e)  Central Personnel Index "Round Robin Report" and underlying files and materials for each similar allegation and/or those regarding falsification or dishonesty, without date limitation and including "open" allegations;

f)  For each settled lawsuit in which the employee was a named defendant, the executed stipulation of settlement reflecting the settlement amount;

g)  All Command Disciplines;

h)  Performance evaluations for every rating period in which that employee was rated;

i)  Central Personnel Document ("CPD");

j)  Probationary and Academy/Recruit files;

k)  Force monitoring file(s);

l)  Medical records reflecting all treatment of any injuries claimed to have been sustained during the Incident, if any;

m)  Photographs of any injuries claimed to have been sustained during the Incident, if any;

n)  Line of Duty Injury Report, if any; and

o)  Documentation of any overtime requested and/or received for the tour during which plaintiff was arrested.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague and overbroad insofar as it asks for a laundry list of documents from "City employees involved," without specificity. Defendants also object that it is vague and overbroad because it calls for production of documents related to "each settled lawsuit in which the employee was a named defendant," without any specificity. Defendants also object insofar as it is not sufficiently limited

in time because it calls for production of disciplinary documents "without date limitation." Defendant object to the extent that the documents sought are not relevant to any party's claims or defenses.  Defendants also object to the extent that it violates Fed. R. Civ. P. 26(b) because it is not proportional to the needs of this case or the importance of such discovery in resolving the issues. Defendants also object to the extent that it is in violation of Local Rule 26.5 because such it calls for production of documents related to overtime documents, medical records, photographs of any injuries sustained, and line of duty reports. Defendants also object to this request to the extent that it is compound in that it asks for numerous documents in one single request. Defendants further object to the extent that it seeks documents that are protected by the law enforcement privilege, official information privilege, attorney-client privilege, or other applicable privileges. Defendants further object to the relevance of this request to the extent that it seeks information regarding allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein; or are older than ten years old, and thus too remote to be relevant, or which occurred subsequent to the incident.  Defendants further object to the extent the information sought is not in Defendants' possession, custody or control.

Notwithstanding and without waiving or in any way limiting the foregoing specific objections, defendants respond as follows:

a) Recent color digital photograph, labeled to reflect the employee's: a) full name; b) rank; c) shield number, if any; and d) current service address:

- Defendants state that they are withholding documents based on the objections stated herein.

b) Memo Books entries and/or Daily Activity Reports for the tour during which plaintiff was arrested:

- In response to this Request, Defendants refer plaintiff to the Relevant Excerpts of the Memobook of Detective Timothy Finn, which are annexed hereto and bear Bates Nos. DEF 66-69, and

further state that they are continuing to search for documents responsive to this request and will produce any additional responsive documents within 30 days of service of these responses.

c) Internal Affairs "Resume," and underlying files and materials for each similar allegation and/or those regarding falsification or dishonesty, without date limitation and including "open" allegations:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.

d) Civilian Complaint Review Board "Complaint History," and underlying files and materials for each similar allegation and/or those regarding falsification or dishonesty, without date limitation and including "open" allegations:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.

e) Central Personnel Index "Round Robin Report" and underlying files and materials for each similar allegation and/or those regarding falsification or dishonesty, without date limitation and including "open" allegations:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.

f) For each settled lawsuit in which the employee was a named defendant, the executed stipulation of settlement reflecting the settlement amount:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 3.

g) All Command Disciplines:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.

h) Performance evaluations for every rating period in which that employee was rated:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4. In addition, Defendants identify NYPD Performance Evaluations for Police Officer Peter Marter, bearing Bates Stamp Nos. DEF 70-85 (annexed hereto) and NYPD Performance Evaluations for Detective Timothy Finn, bearing Bates Stamp Nos. DEF 86-91 (annexed hereto), which are produced pursuant to the Protective Order deemed to have been issued in all cases governed by Local Civil Rule 83.10, and annexed thereto as Exhibit "D," for information responsive to this request

i) Central Personnel Document ("CPD"):

- 27 -

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.

j)  Probationary and Academy/Recruit files:

- In response to this request, Defendants refer plaintiff to their Objection and Response to Interrogatory No. 4.  In addition, Defendants refer plaintiff  to NYPD Performance Evaluations for Police Officer Peter Marter and Detective Timothy Finn, which are annexed hereto and bear Bates Stamp Nos. DEF 70-85 and DEF 86-91, respectively,  and which Defendants deem to be confidential and are producing pursuant to the Protective Order deemed to have been issued in all cases governed by Local Civil Rule 83.10, and annexed thereto as Exhibit "D,"  for information responsive to this request.

k)  Force monitoring file(s):

- In response to this request, Defendants refer plaintiff to their Objections and Responses to Interrogatory Nos. 4, 5 and 6.

l)  Medical records reflecting all treatment of any injuries claimed to have been sustained during the Incident, if any:

- Defendants state that, upon information and belief, there are no documents responsive to this request

m) Photographs of any injuries claimed to have been sustained during the Incident, if any:

- Defendants state that, upon information and belief, there are no documents responsive to this request.

n)  Line of Duty Injury Report, if any:

- Defendants state that, upon information and belief, there are no documents responsive to this request.

o)  Documentation of any overtime requested and/or received for the tour  during which plaintiff was arrested:

- To the extent that they exist, Defendants state that they are continuing to search for documents responsive to this request and will produce any additional responsive documents within 30 days of service of these responses.

**DOCUMENT REQUEST NO. 4:**

Produce the complete file(s), including transcripts, audio-recordings, exhibits and enclosures, of each investigation conducted by any governmental body (i.e. CCRB, IAB, etc.) into any portion of the allegations contained in plaintiff's complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague and overbroad insofar as it asks for all documents from "any governmental body" and calls for production of documents from a potentially broad range of custodians. Defendants also object to the extent that these documents no longer exist by operation of law or a retention policy. Defendants further object to the extent that documents sought are not relevant to any party's claims or defenses. Defendants further object to the extent that it seeks documents that are protected by the official information, law enforcement privilege, deliberative process privilege, or other applicable privileges. Defendants further object to the relevance of this request to the extent that it seeks information regarding allegations of misconduct that were not substantiated; did not result in a finding of misconduct; are not similar in nature to the allegations herein; or are older than ten years old, and thus too remote to be relevant, or which occurred subsequent to the incident.

Notwithstanding and without waiving or in any way limiting the foregoing specific objections, Defendants refer plaintiff to NYPD Chief of Department Log# 2016-14913, which is annexed hereto and bears Bates Stamp Nos. DEF 47 – DEF 55, and Defendants deem to be confidential and are producing pursuant to the Protective Order deemed to have been issued in all cases governed by Local Civil Rule 83.10, and annexed thereto as Exhibit "D." Defendants further state that with respect to audio-recordings made in connection with to Chief of Department Log# 206-14913, Defendants are continuing to search for information responsive to

this request and will supplement this response within 30 days of service of these responses, to the extent that such information becomes available.

**<u>DOCUMENT REQUEST NO. 5:</u>**

Produce the following:

a) Omniform Arrest and Complaint Reports for plaintiff and anyone arrested with plaintiff;

b) Online Booking System Arrest Worksheet, including drafts and scratch copies, for plaintiff and anyone arrested with plaintiff;

c) Complaint Report (UF-61), including drafts and scratch copies, for plaintiff and anyone arrested with plaintiff;

d) Complaint Follow-up Reports (DD5) for plaintiff and anyone arrested with plaintiff;

e) BADS Arrest History report;

f) OLPA Report reflecting time in custody;

g) OCA Check of plaintiff;

h) Roll Call for each precinct to which any City Employee Involved was assigned for the tour during which plaintiff was arrested;

i) Command Log entry reflecting the arrest of plaintiff and anyone arrested with plaintiff;

j) Sprint Report(s), including tapes;

k) Mugshot(s) of plaintiff BADS reports for plaintiff;

l) Precinct Prisoner Roster(s);

m)      Prisoner Movement Slip for plaintiff and anyone arrested with plaintiff;

n)      Property Clerk's Invoice for plaintiff's property and any arrest evidence

o)      Lab Test(s), if any;

p)      Field Test(s), if any;

q)      For inspection and analysis, all arrest evidence;

r)      Medical Treatment of Prisoner form, if any;

s)      Computer Aided Dispatch (CAD) Report, if any;

t)      Ambulance Call Report (ACR), if any;

u)      FDNY Pre-hospital Care Report, if any;

v)      Aided Card, if any;

w)      Video footage depicting any portion of the incident;

x)      Photographs depicting the Incident, its location(s), or anyone involved in the Incident;

y)      Stop Question and Frisk Report (UF250), if any;

z)      Summonses issued at the time of plaintiff's arrest, if any;

aa)     DAT Investigation Report, if any;

bb)     DAT issued to plaintiff, if any, or anyone arrested with plaintiff;

cc)     Tactical (TAC) Plan, if any;

dd)     Detective file, if any;

ee)     Buy and Bust Report, if any;

ff) OCCB Buy Report, if any;

gg) SNEU Roster, if any;

hh) Police Accident Report, if any;

ii) Vehicle Pursuit Report, if any;

jj) Taser Utilization Report;

kk) Domestic Incident Report(s), if any;

ll) Unusual Incident Report (UF49), if any;

mm) Central Booking Prisoner Roster(s);

nn) Central Booking Medical Screening Form;

oo) Photo from Central Booking;

pp) Search or Arrest Warrant, if any;

qq) Affidavit in Support of Warrant, if any;

rr) Post-warrant execution reports and inventories;

ss) Criminal Court file of plaintiff;

tt) Criminal Court file of individual(s) arrested with plaintiff;

uu) ECAB/Complaint Room Screening Form; and

vv) Dismissal Memorandum, if any;

ww) Grand Jury minutes, if any;

xx) Minutes of all court proceedings related to the prosecution of plaintiff;

yy) District Attorney files of plaintiff, including all Tap Sheets and Action sheets, in the possession of the Kings County District Attorney's Office;

zz)   District Attorney files of individual(s) arrested with plaintiff; and

aaa)   Plaintiff's medical records.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to Document Request No. 5 on the grounds that it is vague and overbroad insofar as it asks for a laundry list of documents related to plaintiff and "anyone arrested with plaintiff."  Defendants also object to this request to the extent that it is compound in that it asks for numerous documents in one single request. Defendants also object to the extent that the document sought are not relevant to any party's claims or defenses. Defendants also object to the extent that such documents may no longer exist by operation of law, or are sealed pursuant to N.Y.C.P.L.§160.50 or similar statutes. Defendants also object to this demand to the extent it seeks documents, the content of which would invade the privacy rights of non-parties, are publicly available or equally available to plaintiff, including by OCA check. Defendants also object to the extent that it violates Fed. R. Civ. P. 26(b) because it is not proportional to the needs of this case or the importance of such discovery in resolving the issues, and the burden to defendants outweighs any likely benefit to plaintiff.  Defendants also object to the extent that it is in violation of Local Rule 26.5 because such it calls for production of the documents described in (v); (v(y)-(bb);  (ii); (pp)-(rr); and (zz)-(aaa), which are not relevant because they are beyond the scope of litigation. Defendants also object to the extent that the request is duplicative. Defendants further object to the extent that it seeks documents that are protected by the law enforcement privilege, official information privilege, attorney work-product, or other applicable privileges. Defendants further object to the relevance of this request to the extent that it seeks documents that may have already been made available to plaintiff, or is equally available to plaintiff, and/or is in plaintiff's possession, custody and control as a result of his criminal

proceeding or previous disclosures by defendants. Defendants also object to the extent it seeks material that is not within the possession, custody and control of defendants, including those requested in (nn); (vv); (xx); (yy); and(aaa).

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, Defendants state that no other individuals were arrested with plaintiff on April 18, 2016, and refer plaintiff to the following documents, some of which were previously produced to plaintiff in connection with defendants' Initial Disclosures:

a) Omniform Arrest and Complaint Reports for plaintiff and anyone arrested with plaintiff;

- NYPD Omniform Arrest Report and Complaint, pertaining to plaintiff's arrest on 4/18/2016, bearing Bates No. DEF 1-7 (previously produced).

b) Online Booking System Arrest Worksheet, including drafts and scratch copies, for plaintiff and anyone arrested with plaintiff;

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

c) Complaint Report (UF-61), including drafts and scratch copies, for plaintiff and anyone arrested with plaintiff;

- NYPD Omniform Complaint Report, pertaining to plaintiff's arrest on 4/18/2016, bearing Bates Nos. DEF 4-7 (previously produced).

d) Complaint Follow-up Reports (DD5) for plaintiff and anyone arrested with plaintiff;

- Upon information and belief, Defendants state that there are no documents responsive to this request.

e) BADS Arrest History report;

- NYPD Omniform Arrests for NYSID 02293228R pertaining to plaintiff, Bates No. DEF 10 (previously produced).

f)  OLPA Report reflecting time in custody;

- NYPD OLPA pertaining to plaintiff's arrest on 4/18/2016, Bates Nos. DEF 8-9 (previously produced).

g)  OCA Check of plaintiff;

- Defendants state that they are not withholding any information on the basis of the objections herein, but that this document is equally available to plaintiff through the Office of Court Administration.

h)  Roll Call for each precinct to which any City Employee Involved was assigned for the tour during which plaintiff was arrested;

- Relevant excerpt of the 10th Precinct Roll Call for April 18, 2016, Bates Nos. DEF 60-64 (annexed hereto).

i)  Command Log entry reflecting the arrest of plaintiff and anyone arrested with plaintiff;

- 10th Precinct Command Log, pertaining to plaintiff's arrest on April 18, 2016, bearing Bates No. DEF 65 (annexed hereto)

j)  Sprint Report(s), including tapes;

- NYPD Sprint Report, reflecting plaintiff's arrest on 4/18/2016, bearing Bates No. DEF 11 (previously produced).

k)  Mugshot(s) of plaintiff BADS reports for plaintiff;

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

l)   Precinct Prisoner Roster(s);

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

m)  Prisoner Movement Slip for plaintiff and anyone arrested with plaintiff;

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

n)   Property Clerk's Invoice for plaintiff's property and any arrest evidence

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

o)   Lab Test(s), if any;

- Defendants state that, upon information, and belief, there are no documents responsive to this request, as this incident involved no lab test whatsoever, and this request is entirely irrelevant to the subject lawsuit.

p)   Field Test(s), if any;

- Upon information and belief, defendants state that there are no documents responsive to this request, as this incident involved no field test whatsoever, and this request is entirely irrelevant to the subject lawsuit.

q)   For inspection and analysis, all arrest evidence;

- Defendants refer plaintiff to the documents exchanged throughout the course of discovery for information responsive to this request.

r)   Medical Treatment of Prisoner form, if any;

s)   Computer Aided Dispatch (CAD) Report, if any;

t)   Ambulance Call Report (ACR), if any;

u)   FDNY Pre-hospital Care Report, if any;

v)   Aided Card, if any;

w)  Video footage depicting any portion of the incident;

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

x)   Photographs depicting the Incident, its location(s), or anyone involved in the Incident;

- Defendants refer plaintiff to the photographs produced by plaintiff bearing Bates Nos. P034-P035.

y)   Stop Question and Frisk Report (UF250), if any;

z)   Summonses issued at the time of plaintiff's arrest, if any;

aa) DAT Investigation Report, if any;

bb) DAT issued to plaintiff, if any, or anyone arrested with plaintiff;

cc) Tactical (TAC) Plan, if any;

dd) Detective file, if any;

ee) Buy and Bust Report, if any;

ff)  OCCB Buy Report, if any;

gg) SNEU Roster, if any;

hh) Police Accident Report, if any;

ii)  Vehicle Pursuit Report, if any;

jj)  Taser Utilization Report;

kk) Domestic Incident Report(s), if any;

ll)  Unusual Incident Report (UF49), if any;

mm)    Central Booking Prisoner Roster(s);

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

nn) Central Booking Medical Screening Form;

oo) Photo from Central Booking;

- Defendants state that they are not withholding any information on the basis of the objections herein, and that they are continuing to search for information responsive to this request, and will supplement this response within 30 days of service of these responses, to the extent that such documents are available.

pp) Search or Arrest Warrant, if any;

qq) Affidavit in Support of Warrant, if any;

rr)  Post-warrant execution reports and inventories;

ss)  Criminal Court file of plaintiff;

- Criminal Court of the City of New York, New York County's document, pertaining to plaintiff's arrest on 4/18/20126 and subsequent prosecution under Docket Number 2016NY025380

tt) Criminal Court file of individual(s) arrested with plaintiff;

- Upon information and belief, Defendants state that there are no documents responsive to this request.

uu) ECAB/Complaint Room Screening Form; and

- New York County District Attorney's Office Document, pertaining to plaintiff's arrest on 4/18/16 and subsequent prosecution under Docket Number 2016NY025380, Bates Nos. DEF 19-20 (previously produced).

vv) Dismissal Memorandum, if any;

- Defendants state that no such documents are within defendants' possession, custody, or control. Defendants further state that, upon information, and belief, there are no documents responsive to this request, as the underlying criminal charges were dismissed by court action pursuant to Criminal Procedure Law § 30.30 on December 19, 2016.

ww) Grand Jury minutes, if any;

- Defendants state that, upon information, and belief, there are no documents responsive to this request, as this incident involved no Grand Jury, and this request is entirely irrelevant to the subject lawsuit. Defendants also object to this request to the extent the Grand Jury minutes are protected from disclosure by the law enforcement privilege, are sealed by operation of law, and to the extent they are not in within Defendants' possession, custody, or control law.

xx) Minutes of all court proceedings related to the prosecution of plaintiff;

- Defendants state that they are not withholding any information on the basis of the objections herein, but that such documents are not in Defendant'

> possession, custody and control, and are equally
> available to plaintiff.

yy) District Attorney files of plaintiff, including all Tap Sheets and Action sheets,
in the possession of the Kings County District Attorney's Office;

- Limiting their response to documents received from
the New York County District Attorney's Office,
Defendants refer plaintiff to the New York County
District Attorney's Office Documents, pertaining to
plaintiff's arrest on 4/18/16 and subsequent
prosecution under Docket Number 2016NY025380,
Bates Nos. DEF 17-39 (previously produced).

zz) District Attorney files of individual(s) arrested with plaintiff; and

- Defendants state that they are not in possession,
custody or control of any documents, which may
possibly be sealed by law and, upon information
and belief, no other individuals were arrested with
plaintiff.

aaa)    Plaintiff's medical records.

- Defendants state that they are not in possession,
custody or control of plaintiff's medical records,
and that, to date, plaintiff has not provided
Defendants with any releases for his medical
records.   In the event plaintiff provides duly
executed releases for his medical records,
Defendants will supplement this response within 30
days of receipt of plaintiff's medical records.

In response to all other subparts, Defendants refer plaintiff to their objections and

responses herein, as there cannot be documents responsive to these requests by virtue of the

allegations in the Complaint.

**<u>DOCUMENT REQUEST NO. 6:</u>**

Produce all text messages and e-mails sent and/or received by any City

Employees Involved which relate to or reference plaintiff and/or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

   Defendants object to Document Request No. 6 on the grounds that it is overbroad insofar as it requests all text messages and emails without specificity as to a timeframe or to which "city employees," many of whom may be unknown to defendants, on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, not limited in time, to the extent it implicates the law enforcement, official information, and/or attorney-client and work-product privileges, and to the extent it seeks documents not within Defendants' possession, custody or control.  Defendants also object to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses and on the grounds that it is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 7:**

   Produce in electronic form the NYPD Policy and Procedures, along with all relevant training materials related to the right of a civilian to film police officers in public places.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

   Defendants object to Document Request No. 7 on the grounds that it is compound in that it seeks various types of materials in different formats all in the same request; it seeks materials that are not relevant and beyond the scope of this litigation as there is no viable claim for municipal liability; to the extent the documents sought are not proportional to the needs of the case considering the amount in controversy, or the importance of the discovery in resolving the issues, and because the burden and expense of identifying and producing "all relevant training materials" relating to multiple categories of information vastly outweighs its likely benefit; and to the extent it seeks documents that are publicly available, and thus, equally available to Plaintiff.  Defendants also object on the grounds that it is not limited in time as no time period is

stated; and to the extent that it seeks information that is protected from disclosure by the law enforcement privilege and/or other applicable privileges.

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, and limiting their response to the responsive sections of the NYPD Patrol Guide that were operative and in effect on April 18, 2016, Defendants state that they are continuing to search for information responsive to this request, and will produce the information within 30 days of service of these responses to the extent that such information becomes available.

## DOCUMENT REQUEST NO. 8:

Produce documents sufficient to show or explain any abbreviations, codes, acronyms or other shorthand terms that appear in any of the documents produced in response to these Requests.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants object to Document Request No. 8 on the grounds that it violates Fed. R. Civ. P. 26(b) because it is not proportional to the needs of this case or the importance of such discovery in resolving the issues. Defendants further object on the grounds that there is no obligation under the Federal Rules of Civil Procedure to create a new document in response to a document request, or to create new documents to assist plaintiff understanding existing evidence.

## DOCUMENT REQUEST NO. 9:

Produce documents sufficient to show defendants' policies and practices concerning the preservation or destruction of documents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendants object to Document Request No. 9 on the grounds that it is vague and overbroad insofar as it calls for policies and practices relating to the preservation or destruction

of documents without any specificity as to the agency, timeframe, or context involved, assumes facts not established in that there is no evidence that relevant information was destroyed. Defendants also object to the extent that it is in violation of and Fed. R. Civ. P. 26(b) and violates Local Rule 26.5 because such documents are not relevant to plaintiff's claims in this case.

## DOCUMENT REQUEST NO. 10:

Produce all documents supporting the affirmative defenses that defendants asserted in their answer to the Complaint.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Defendants object on the grounds that it is vague, ambiguous and overbroad in that it seeks documents without any specificity. Defendants also object to the extent that it is burdensome in that it seeks documents that may have already been made available to plaintiff, or are equally available to plaintiff, and/or are in plaintiff's possession, custody and control. Defendants further object to the extent that it seeks documents protected from disclosure by the official information, law enforcement, attorney-client, attorney work-product, and other applicable privileges.

Notwithstanding, and without waiving or in any way limiting the foregoing specific objections, Defendants refer plaintiff to the documents exchanged throughout the course of discovery for information responsive to this request.

## DOCUMENT REQUEST NO. 11:

Produce all subpoenas, authorizations and Freedom of Information ("FOI") requests served on any party, or any individual or entity, concerning this litigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

        Defendants object to Document Request No. 11 on the grounds that it is vague and overbroad insofar as it calls for "all" subpoenas, authorizations and FOIL requests served on "any" party, individual or entity in this litigation."  Defendants also object to the extent it seeks information that may have already been made available to plaintiff, or is equally available to plaintiff, and/or is in plaintiff's possession, custody and control. Notwithstanding and without waiving or in any way limiting these specific objections, Defendants refer plaintiff to the following documents, for information responsive to this request:

- N.Y.C.P.L.§160.50 Release for Malik Nimmons, notarized April 18, 2017, bearing Bates No. DEF 59.

**DOCUMENT REQUEST NO. 12:**

        Produce all documents received in response to any subpoenas, authorizations and FOI requests served.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

        In response to Document Request No. 12, Defendants refer plaintiff to their objections and responses to Interrogatory No. 10, and Document Request Nos. 2, 3, 5 and 11.

**DOCUMENT REQUEST NO. 13:**

        With respect to all experts that defendants expect to call at time of trial, produce all disclosures required pursuant to FED. R. CIV. P. 26 (a) (2).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

        Defendants object to Document Request No.13 on the grounds that it is vague and overbroad insofar as plaintiff calls for production of all documents relating to potential experts and future intentions for use and disclosure at trial. Defendants also object to the extent that it is

premature, and speculative. Defendants further object to this demand on the grounds that it seeks documents protected by the work product privilege and other applicable privileges.

Notwithstanding, and without waiving or in any way limiting these specific objections, Defendants state that they will withhold any responsive documents subject to the objections herein, and comply with all requirements as set forth in the Federal Rules of Civil Procedure and Rules of Evidence, Local Rules and Individual Rules of the Honorable Alison J. Nathan, regarding expert disclosures.

**DOCUMENT REQUEST NO. 14:**

If defendants intend to assert confidentiality over any material produced in response to these Requests, produce a proposed confidentiality stipulation and protective order.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

In response to Document Request No. 14, defendants refer refer plaintiff to the Protective Order deemed to have been issued in all cases governed by Local Civil Rule 83.10, and annexed thereto as Exhibit "D," for information responsive to this request.

**DOCUMENT REQUEST NO. 15:**

Provide in native electronic format a complete duplicate copy of all Facebook and other social media platform postings made by defendant Peter Marter in the last five years.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague and ambiguous as to what is meant by "in native electronic format," overbroad insofar as it calls for the production of "all Facebook and other social media platform postings" without limitation in time or scope. Defendants further object to the extent this request is beyond the scope of this litigation and seeks information that is not relevant to any party's claims or defenses. Defendants also object to the extent that it violates Fed. R. Civ. P. 26(b) because it is not

proportional to the needs of this case or the importance of such discovery in resolving the issues. Defendants also object to the extent that this interrogatory is being interposed for an improper purpose such as to harass or annoy the defendants. Defendants further object to the extent that it implicates the privacy interests of Defendants, is an unwarranted invasion of privacy, and to the extent the information sought is publically available and/or equally available to plaintiff.

**DOCUMENT REQUEST NO. 16:**

Produce a privilege log in accordance with FED. R. CIV. P. 26(b)(5) and Local Civil Rule 26.2(a).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

In response to Document Request No. 16, Defendants refer plaintiff to their objections and responses in Document Request No. 14. Notwithstanding and without waiving or in any way limiting this specific objection, Defendants state that, they will provide an appropriate privilege log, if necessary.

**DOCUMENT REQUEST NO. 17:**

Produce all documents and correspondence regarding plaintiff and/or the incident in the possession of the NYPD Legal Bureau and the "40-member legal unit" responsible for investigating potential civil rights plaintiffs, as mentioned in the article *New York City Takes Steps to Better Fight Suits Against Police* by Benjamin Weiser, appearing in the New York Times on February 5, 2016.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

In response to Document Request No. 17, Defendants object on the grounds that it is vague and ambiguous as it is not clear what is meant by "all documents and correspondence." Defendants also object to the extent that this document request is being interposed for an improper purpose such as to harass or annoy the defendants. Defendants further

- 46 -

object on the grounds that the request to identify "all documents and correspondence regarding plaintiff and/or the incident in the possession of the NYPD Legal Bureau and the "40-member legal unit" responsible for investigating potential civil rights plaintiffs," is speculative and to the extent it seeks information that is not relevant to any party's claims or defenses, to the extent it seeks information protected from disclosure under the official information privilege, law enforcement privilege, work-product privilege, and/or other applicable privilege, or implicates the privacy or security interests of non-parties.  Defendants further object to the extent  that it implicates privacy interests of non-parties to this action, and to the extent plaintiff seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing.

Dated:         New York, New York
               April 16, 2018

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants Marter and Finn*
                                    100 Church Street, Room 3-235
                                    New York, New York 10007
                                    (212) 356-5054


                      By:    _____
                                    CHERIE N. BROWN
                                    *Assistant Corporation Counsel*

TO:    HARVIS & FETT LLP
       BAREE N. FETT
       *Attorneys for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007
       (212) 323-6880
       bfett@civilrights.nyc
       (via EMAIL)