USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIK NIMMONS,

        Plaintiff,

-against-

P.O. PETER MARTER, Shield No. 18790, et al.,

        Defendants.

17-CV-5586 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the June 21, 2018 discovery conference, the parties' discovery disputes described in their letters dated June 12, 18, and 20, 2018 (Dkt. Nos. 37, 49, and 51) are resolved as follows:

1. Records of the Incident. No later than **July 12, 2018**, defendants shall produce all remaining records of plaintiff's April 18, 2016 arrest to the extent such documents exist, including but not limited to the memo book entries made by all officers named as defendants herein, drafts of their arrest and complaint reports, plaintiff's central booking photo(s) and/or mugshot(s), prisoner movement slips, and property clerk invoice(s).

2. Medical Screening Form. Within one business day of receiving plaintiff's executed HIPAA release, defendants' counsel shall request expedited delivery of plaintiff's central booking medical screening form and shall produce the form promptly on receipt of same.

3. CCRB Closing Reports. No later than **July 20, 2018**, defendants shall re-produce the portions of the previously produced CCRB closing reports without redacting the names of complaining victims and witnesses, except that if defendants' counsel

determines that a specific complaining victim or witness is entitled to the protection of N.Y. Crim. Proc. Law § 160.50, his or her name need not be produced. The unredacted CCRB closing reports shall be treated as "attorneys' eyes only" by plaintiff's counsel (that is, they may be disclosed only to plaintiff's counsel of record and to personnel working under their direction, and only for purposes of this action) until and unless the parties agree or the Court orders otherwise.

4. <u>Disciplinary Records Related to Marter and Finn</u>. No later than **July 20, 2018**, defendants shall produce, with regard to defendants Marter and Finn, the files and other materials underlying each complaint or incident involving allegations of misconduct similar to the misconduct alleged in this action or that raise questions about the officer's credibility (including but not limited to the incidents listed on pages 2-3 of Dkt. No. 37-3). These documents shall be treated as "confidential materials" as that term is used in the § 1983 Plan Protective Order (Local Civil Rule 83.10, Ex. D).

The parties are reminded that a party who withholds otherwise discoverable information on the grounds of privilege or work product protection (including the investigative privilege) must produce a privilege log in compliance with Fed. R. Civ. P. 26 and Local Civil Rule 26.2 at the time the claim is asserted.

All relief not expressly granted herein is denied.

Dated: New York, New York
June 22, 2018

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**