

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/18
```

**THE CITY OF NEW YORK**

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PETER W. BROCKER
*Assistant Corporation Counsel*
Phone: (212) 356-2332
Fax: (212) 356-3509
pbrocker@law.nyc.gov

**MEMO ENDORSED**

> Application GRANTED. Defendants shall produce any remaining disciplinary records in accordance with paragraph 4 of the June 22, 2018 Order (Dkt. No. 52), no later than **August 27, 2018**. Depositions shall be completed no later than **September 24, 2018**. Fact discovery shall be completed no later than **October 8, 2018**. The status conference previously scheduled for July 31, 2018 shall be adjourned to **September 5, 2018, at 9:30 a.m**. One week prior to that date, on **August 29, 2018**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.
> SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> July 23, 2018

**VIA ECF**
Honorable Barbara L. Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Malik Nimmons v. Police Officer Peter Marter et al.</u>,
             17 Civ. 5586 (AJN) (BCM)

Your Honor:

      I am the Assistant Corporation Counsel, in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, recently assigned to represent defendants Police Officer Peter Marter and Police Officer Timothy Finn (collectively, "Defendants")[1] in the above-referenced matter. (*see*, Dkt. No. 55 & 56, Notices of Substitution of Counsel & Appearance, dated July 9, 2018). I write in in response to the Court's Order dated June 22, 2018 (the "Order") (*see*, Dkt. No. 52) to request additional time, from July 20th to August 27, to produce responsive materials related to Section "4" of the Order. Additionally, Defendants request that the deadline for completion of depositions be extended to September 24, 2018, four weeks after Defendants' proposed production deadline. Plaintiff's counsel, Gabriel Harvis, Esq., consents to these requests.

      By way of background, Plaintiff has brought the instant lawsuit alleging, *inter alia*, that on April 18, 2016, he was falsely arrested by Defendant Police Officer Peter Marter and other members of the New York City Police Department ("NYPD"). After disputes were raised with

---

[1] It is my understanding that defendants Sgt. Logan Lefkowitz, Police Officer Victoria Lynch, and Police Officer Jerome Packtor were served on or about July 3, 2018. As a result, this office is in the process of determining whether it may represent those officers in advance of their deadline to answer. *See*, Fed. R. Civ. P. 12(a)(1)(A).

the Court concerning document request and interrogatory responses, Your Honor Ordered Defendants to disclose by July 20, 2018, "the files and other materials underlying each complaint or incident involving allegations of misconduct [against Defendants of a] similar to the misconduct alleged in this action or that raise questions about the officer's credibility…" (*see*, the Order, Dkt. No. 52).

Pursuant to the Order, this office is in the process of disclosing today over 2,500 pages of responsive materials, relating to 18 investigative files.

However, in the course of reviewing the materials to be disclosed today, I became aware of an inadvertent oversight that was made by this office, and which affects today's discovery production. The NYPD's Internal Affairs Bureau ("IAB") switched to a new system in 2013, resulting in a new system to list disciplinary complaints against police officers (called an "IAB Resume") and resulting in two separate documents being generated for any officers with complaints made both before and after 2013. Unfortunately, in this case, those two portions of Ret. Police Officer Peter Marter's IAB Resume were saved electronically as two distinct files. This office mistakenly only requested responsive investigative files on Police Officer Marter's IAB Resume for the period before 2013, as the requestor did not look to the second file for the remaining responsive Internal Affairs log numbers. As a result, there are several responsive investigative files not in the possession of this office and that cannot be disclosed at this time.

Additionally, approximately four files that were requested by this office have not yet been provided by the NYPD and/ or CCRB, and also cannot be provided at this time. The undersigned is in working with the NYPD to expedite the request of these files, and additional time is needed to receive these files and prepare them for production.

In light of the foregoing, and in an effort to ensure that the above difficulties do not in any way disadvantage Plaintiff, Defendants now also seek an extension of time to complete depositions. The parties have conferred and now request that the deadline to complete depositions be September 24, 2018, four weeks after Defendants' above proposed production deadline.

In light of the foregoing, Defendants respectfully request that Your Honor extend their deadline from July 20th to August 27, 2018, to produce responsive disciplinary materials. Additionally, Defendants request that the deadline for completion of depositions be extended to September 24, 2018.

Thank you for your consideration of this matter.

Respectfully submitted,

/s//

Peter W. Brocker
*Assistant Corporation Counsel*

cc: All Counsel of Record (via ECF)